# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**-vs-**                                          **Case No. 5:00-cr-28-OC-28KRS**

**TERRY WAYNE ALLEN,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein: Motion for Return of Seized Property and/or Motion for Recovery of Damages, doc. no. 333; Motion for Return of Forfeited Property, doc. no. 335; Motion for Relief of Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b), doc. no. 339; Motion for Relief of Judgment Pursuant to Fed. R. Civ. Proc. 60(B), Section 3, doc. no. 342; and, Motion of Defendant Terry Wayne Allen to Vacate, Pursuant to Federal Rule of Civil Procedure, Rule 60(b)(4), Preliminary Order of Forfeiture Entered by This Court on February 27, 2003, doc. no. 344. The United States responded to these motions, doc. nos. 334, 337, 345, and Defendant Terry Wayne Allen ("Allen"), and his wife, Movant Melissa Allen, submitted reply briefs, doc. nos. 336, 338. The parties also filed responses to my supplemental briefing order. Doc. Nos. 347, 349. Each of these motions has been referred to me for issuance of a Report and Recommendation by the presiding district judge.

**I.     BACKGROUND.**

On July 19, 2000, a federal grand jury returned an Indictment against Allen. It alleged in Count I that Allen conspired to distribute more than 100 kilograms of marihuana in violation of 21 U.S.C. § 846.  It also included a provision that sought forfeiture of money or property gained from or used during the drug conspiracy, specifically including real property located at 29323 E. State Road 44, Eustis, Lake County, Florida (the "Eustis property"), pursuant to 21 U.S.C. § 853(a)(1), (2).  Doc. No. 1.

Allen was arrested on July 27, 2000.  Doc. No. 6.  Incident to Allen's arrest, agents of the Drug Enforcement Administration (DEA) seized a 1987 Interstate Lowboy Trailer ("Lowboy Trailer"), a 1996 Ford L9000 Dump Truck ("Dump Truck"), and a 1988 John Deere Front End Loader ("Front End Loader") (collectively the "Equipment"), based on probable cause to believe that the Equipment was purchased with proceeds of drug trafficking. Declaration of Lieutenant Gerry Montalvo, Doc. No. 347-2.

DEA began administrative forfeiture proceedings regarding the Equipment.  On September 5, 2000, it sent a notice to Allen that the Equipment was subject to forfeiture. Allen submitted his first claims for the Equipment on October 11, 2000. DEA denied these claims as deficient.  Allen submitted second claims for the Equipment on December 5, 2000, which claims DEA deemed to be valid.  Declaration of Beverly Williams, Doc. No. 347-3.

Meanwhile, on November 30, 2000, the United States filed a Bill of Particulars in Allen's criminal case.  It alleged that the Equipment was subject to forfeiture under the forfeiture provision in the Indictment.  Doc. No. 29.

The United States proffered that, in January 2001, an Assistant United States Attorney (AUSA) reached an agreement with Allen's lawyer for the return of the Equipment to Allen, but that Allen never took possession of the items.  Doc. No. 341 at 4 n.1.  Allen disputes this representation, and provided a letter from the AUSA that can fairly be read to indicate that release of the Equipment was part of a plea agreement offer, which offer the AUSA subsequently rescinded.  Doc. No. 338, Letter dated November 15, 2000.

On January 17, 2001, a grand jury returned a superseding indictment charging Allen with conspiracy to distribute more than 1000 kilograms of marihuana, in violation of 21 U.S.C. § 846.  The indictment included a forfeiture provision, which specifically identified $600,000 in illegal narcotics proceeds, the Eustis property, and the proceeds of a Communications Site Lease (the "Lease") on the Eustis property as subject to forfeiture, as well as a general provision regarding forfeiture of substitute assets.  It did not specifically seek forfeiture of the Equipment.  Doc. No. 37.

A jury convicted Allen of the conspiracy offense on November 9, 2001.  Doc. No. 120. The jury found that Allen gained $220,000 in illegal narcotics proceeds and used the Eustis property to facilitate the crime.  Doc. No. 123.

The Honorable William Terrell Hodges, then the presiding district judge, sentenced Allen to 240 months' imprisonment, followed by 10 years of supervised release, and a special assessment of $100.  Doc. No. 163 at 34. He advised Allen that a personal money judgment in the amount of $220,000 would be entered against him and that his interest in the Eustis property had been forfeited along with contractual rights which ran with the property.  *Id.* at 37.

The original Judgment and Commitment Order did not contain a forfeiture provision. Doc. No. 154. The Judgment was amended on September 5, 2002 to include forfeiture of $220,000 and forfeiture of the Eustis property including the contract rights under the Lease. Doc. No. 178.

Allen filed a notice of appeal on April 3, 2002. Doc. No. 155. On November 26, 2002, the United States Court of Appeals for the Eleventh Circuit affirmed Allen's conviction and sentence. Doc. No. 201.

Meanwhile, the ancillary forfeiture proceedings were underway. Judge Hodges signed a Preliminary Order of Forfeiture on April 10, 2001. It named the Eustis property, the contract rights under the Lease, and $220,000 as forfeitable property. It directed third parties having an interest in the Eustis property to file a claim pursuant to 21 U.S.C. § 853(n). Doc. No. 159. The United States published notice of the forfeiture of the Eustis property. Doc. No. 177.

The day before the Preliminary Order of Forfeiture was filed, Melissa Allen filed a petition pursuant to § 853 claiming an interest in the Eustis property and the Equipment. Doc. No. 158.

On January 31, 2003, the United States sought a supplemental Preliminary Order of Forfeiture of the Equipment as substitute assets under 21 U.S.C. § 853(p). Doc. No. 200. AUSA Edward Gaines averred that no part of the money judgment against Allen had been paid. He further attested that a law enforcement agent working on the case had not been able to locate or trace the disposition of the $220,000 received by Allen as drug proceeds. *Id.*, Attachment One.

Judge Hodges granted this motion.  Doc. No. 210.  He issued a Supplemental Preliminary Order of Forfeiture as to the Low Boy Trailer, Dump Truck, and Front End Loader, finding that the United States had met its burden of showing that this substitute property could be forfeited.  Doc. No. 211.  The United States Marshals Service seized the Equipment on March 10, 2003 and subsequently published notice of the forfeiture of the Equipment.  Doc. No. 227-29, 247.

On March 17, 2003, both Judges Hodges and the Honorable Gary R. Jones, United States Magistrate Judge, recused themselves from this case.  Doc. No. 218.  The case was reassigned to the Honorable John Antoon, II, as the presiding district judge, and to me, as the presiding magistrate judge.  Doc. No. 219.

Allen filed a motion to rescind the Supplemental Preliminary Order of Forfeiture, doc. no. 214, and a motion to reverse the forfeiture order and dismiss the ancillary proceedings, doc. no. 266.   The United States filed a motion for summary judgment with respect to Melissa Allen's petition.  Doc. No. 220. Judge Antoon denied both of Allen's motions, and granted summary judgment in favor of the United States with respect to Melissa Allen's petition as it pertained to the Lowboy Trailer and the Dump Truck.  Doc. Nos. 298, 343.  At the request of the United States, the Court vacated the Preliminary Order of Forfeiture as to the Front End Loader.  Doc. No. 321. On July 28, 2004, Judge Antoon issued a Final Order of Forfeiture of the Lowboy Trailer and the Dump Truck.  Doc. No. 327.

In the present motions, Allen and Melissa Allen again seek return of the Lowboy Trailer and the Dump Truck or, in the alternative, an award of damages for the wrongful seizure of the Lowboy Trailer and the Dump Truck.

**II.     ANALYSIS.**

  *A.     Motions Filed by Allen*.

   1.     <u>Motion for Return of Seized Property or for Recovery of Damages</u>.

In his Motion for Return of Seized Property and/or Motion for Recovery of Damages, doc. no. 333, Allen relies upon Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983 to support his argument. In sum, he asserts that the United States did not have legal authority to seize the Lowboy Trailer and the Dump Truck initially, and that it did not have authority to continue to retain possession of these pieces of equipment pending their forfeiture as substitute assets.

The evidence before the Court indicates that the United States seized the Lowboy Trailer and the Dump Truck based on probable cause to believe that these pieces of equipment were purchased with proceeds of drug trafficking. The law permits law enforcement agents to seize forfeitable assets without a warrant when the seizure was made during a lawful search or arrest.   *See* 18 U.S.C. § 981(b)(2)(B)(i). The United States then provided notice of the seizures under 18 U.S.C. § 983 as required for nonjudicial forfeitures.

Allen submitted his claims in response to the notice on October 11, 2000. Within ninety days after the claims were filed, the United States was required to either file a civil forfeiture complaint, return the property, or "obtain a criminal indictment containing an allegation that the property is subject to forfeiture. . . ." 18 U.S.C. § 983(a)(3)(B). The United States complied with § 983(a)(3)(B) by filing, on November 30, 2000, a Bill of Particulars incorporating the Equipment into the Indictment as part of the property sought under the general forfeiture provision set forth in the Indictment. At that point, the civil

forfeiture provisions no longer applied. *See* 18 U.S.C. § 983(a)(3)(c). Accordingly, Allen's argument that the United States failed to comply with the requirements of § 983(a)(3)(B) is not well taken.

After the Equipment was named as property subject to criminal forfeiture, Allen had adequate remedies at law in the criminal case to seek return of the Equipment by filing a motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). To the extent that he seeks relief under Rule 41(g) now, his motion comes too late. By virtue of the final order of forfeiture of the Lowboy Trailer and the Dump Truck, Allen lost all right, title and interest to those pieces of equipment. Thus, the only avenue for him to seek further relief, if any relief is available, is a civil suit for damages, which must be brought in a separate civil proceeding, not in this criminal case. *See United States v. Watkins*, 120 F.3d 254, 255-56 (11th Cir. 1997).[1]

    2.    <u>Motions for Relief From Judgment</u>.

Alternatively, Allen asks that the Court vacate its Supplemental Preliminary Order of Forfeiture and its Judgment and Commitment Order and grant him a new trial based on

---

[1] In some circumstances, the Court has discretion to treat a post-judgment Rule 41(g) motion as a civil proceeding for equitable relief. *See United States v. Martinez*, 241 F.2d 1329, 1330-31 (11th Cir. 2001). It should do so "'only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice.'" *Id.* 1331 n. 2 (quoting *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999)). As the record in the present case reflects, Allen has had ample opportunity to be heard on the validity of the seizure of the Lowboy Trailer and the Dump Truck. Moreover, the United States correctly argues that Allen does not contend that the Lowboy Trailer and the Dump Truck were not properly forfeited as substitute assets. Accordingly, no manifest injustice will result by declining to give him another opportunity to advance his claims to these pieces of equipment in the present case.

allegations of fraud, prosecutorial misconduct and ineffective assistance of counsel.[2]  He rests these motions on Federal Rule of Civil Procedure 60(b).  Allen's motions under Rule 60(b) must fail because that rule applies to judgments in civil cases and cannot be used to challenge orders and judgments entered in criminal cases.  *See United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998).

   *B.   Motions Filed by Melissa Allen.*

As discussed in detail in my Report and Recommendation dated December 9, 2003, Melissa Allen has not established that she had an ownership interest in the Lowboy Trailer or the Dump Truck.  Doc. No. 303.  Melissa Allen did not object to that portion of my Report and Recommendation.  Doc. Nos. 306, 307.  Accordingly, she does not have standing to contest the forfeiture of these pieces of equipment.  As such, her motions must be denied.

**III.   RECOMMENDATION.**

Based upon the foregoing Report, I respectfully recommend that the Court **DENY** the following motions:   Motion for Return of Seized Property and/or Motion for Recovery of Damages, doc. no. 333; Motion for Return of Forfeited Property, doc. no. 335; Motion for Relief of Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b), doc. no. 339; Motion for Relief of Judgment Pursuant to Fed. R. Civ.  Proc. 60(B), Section 3, doc. no. 342; and, Motion of Defendant Terry Wayne Allen to Vacate, Pursuant to Federal Rule of Civil Procedure, Rule

---

[2] Allen also raised an ineffective assistance of counsel claim in a petition filed under 28 U.S.C. § 2255.  This petition was denied.  *See Allen v. United States*, Case No. 6:03-cv-1803-Orl-28KRS, doc. no. 37.

60(b)(4), Preliminary Order of Forfeiture Entered by This Court on February 27, 2003, doc. no. 344.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 7, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy